# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM ARMSTRONG, | Civil Action No. 11 - 1074 |
| Plaintiff, | |
| v. | District Judge Mark R. Hornak |
| | Chief Magistrate Judge Lisa Pupo Lenihan |
| BRIAN COLEMAN and DARLENE LINDERMAN, | ECF No. 21 |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Coleman and Linderman (ECF No. 21) be granted in part, denied in part, and denied as moot in part. It is recommended that Defendants' motion be granted as to Plaintiff's access to courts claim and that this claim be dismissed with prejudice because granting Plaintiff leave to amend would be futile. It is further recommended that the motion be denied as to Plaintiff's freedom of speech claim and denied as moot to the extent it seeks dismissal of any due process claim contained in Plaintiff's amended complaint since Plaintiff has indicated that he is not seeking to bring such a claim.

### II. REPORT

Plaintiff, Kareem Armstrong ("Plaintiff") is a state prisoner who is currently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette") in Labelle, Pennsylvania. Plaintiff brings this suit pursuant to 42 U.S.C. § 1983. In his original complaint filed with the Court on

1

September 16, 2011 (ECF No. 7) Plaintiff named as Defendants Brian Coleman, SCI-Fayette Superintendent; Darlene Linderman, SCI-Fayette mailroom supervisor; Lieutenant C.J. Bittner; and Dorina Varner, Chief Grievance Officer for the Secretary's Office of Inmate Grievances and Appeals. Plaintiff alleged that another inmate by the name of William Victor ("Victor") received permission to correspond with him regarding a federal case brought by Victor in the Middle District of Pennsylvania, and that on three separate occasions the mail he received from Victor was intentionally opened outside of his presence. Defendants filed a motion to dismiss Plaintiff's complaint (ECF No. 14) and Plaintiff filed an amended complaint on December 14, 2011 (ECF No. 20). The amended complaint names only Brian Coleman and Darlene Linderman as Defendants and Plaintiff appears to allege an additional instance where his mail from Victor was opened outside of his presence. He further alleges that Defendant Linderman "destroyed" some of his legal mail in the form of discovery material because she did not return it to Victor. Defendants Coleman and Linderman filed a motion to dismiss Plaintiff's amended complaint (ECF No. 21) and Plaintiff responded in opposition to the motion (ECF Nos. 23, 24). Defendants' motion is now ripe for review.

**A. Standard of Review**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they

are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Id. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d

244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### B. Discussion

Plaintiff alleges that Defendants violated his rights by opening his legal mail from inmate Victor outside of his presence and by tampering with or destroying his legal documents. Read liberally, Plaintiff's amended complaint appears to assert claims for right of access to the courts and freedom of speech under the First Amendment.

In order to state a claim under 42 U.S.C. §1983, a plaintiff must meet two threshold requirements. First, the alleged misconduct giving rise to the cause of action must have been committed by a person acting under color of state law; and second, the defendant's conduct must have deprived the plaintiff of rights, privileges and immunities secured under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986)).

**1. Access to the Courts Claim**

Under the First Amendment, prisoners have a right of access to the courts. *See* Lewis v. Casey, 518 U.S. 343 (1996). Importantly, however, where an inmate does not allege actual injury to his ability to litigate a claim, his constitutional right to access the courts has not been violated. *See* id. at 351-53. An actual injury is shown only where a nonfrivolous claim, or one

of arguable merit, is lost. *See* Christopher v. Harbury, 536 U.S. 403, 415 (2003); *see also* Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).

In this case, Plaintiff alleges that on multiple occasions his mail from Victor was opened outside of his presence and on one occasion Defendant Linderman "destroyed" the contents of his mail apparently by failing to return certain discovery material to Victor. Plaintiff, however, fails to allege an actual injury as he does not identify any legal matter that was obstructed or negatively impacted due to the opening and/or "destruction" of the mail at issue. The mere fact that Plaintiff's mail sent to him from Victor, a plaintiff in another pending litigation, was opened is not enough to establish an actual injury as contemplated by Lewis. *See, e.g.*, Freeman v. Miller, No. 3:10-CV-1545, 2011 U.S. Dist. LEXIS 112392, *28-29 (M.D. Pa. Sept. 30, 2011) (finding no actual injury in plaintiff's allegations that defendants opened mail sent to him from counsel for a defendant in another lawsuit). Moreover, Plaintiff's allegation that Defendant Linderman "destroyed" discovery material by failing to return it to Victor is also insufficient to establish an access to courts claim as there is no indication that Plaintiff himself suffered an actual injury in that he lost a chance to pursue a nonfrivolous claim because of Defendant's conduct. *See* Gibson v. Superintendent of N.J. Dep't of Law & Public Safety-Div. of State Police, 411 F.3d 427, 444-45 (3d Cir. 2005) (dismissing denial of access claim for failure to specify causes of action lost). Furthermore, to the extent Plaintiff asserts that Defendant Linderman's conduct hindered Victor's efforts to pursue his claims, he lacks standing to assert such an access to courts claim. *See* Lewis, 518 U.S. at 352 (An inmate lacks standing to pursue an access to the courts claim unless he shows that the alleged interference of prison officials "hindered his efforts to pursue a legal claim."). Accordingly, Plaintiff's access to courts claim

should be dismissed and dismissal should be with prejudice as it appears that granting Plaintiff leave to amend this claim would be futile.

 2. **Freedom of Speech Claim**

Plaintiff alleges that Defendant Linderman intentionally opened his legal mail from Victor outside of his presence in violation of the First Amendment. It is well established that prisoner legal mail may not be opened for inspections for contraband except in the presence of the prisoner. Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974). Likewise, it is undisputed that Pennsylvania state prisoners have a First Amendment right not to have properly marked legal mail opened outside of their presence. Bieregu v. Reno, 59 F.3d 1445, 1458 (3d Cir. 1995); Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006). A "pattern and practice of opening properly marked incoming legal mail outside of an inmate's presence infringes communications protected by the right to free speech . . . because it chills protected expression and may inhibit the inmate's ability to speak, protest, and complain openly, directly, and without reservation with the court." Jones, 461 F.3d at 358-59; *see also* Bieregu, 59 F.3d at 1452. Unlike an inmate's right to court access, in cases where a prisoner's legal mail is opened repeatedly outside of his presence the Third Circuit Court of Appeals has held there is no "actual injury" requirement to assert a claim. Bieregu, 59 F.3d at 1455. At the same time, the Third Circuit was

> careful to distinguish between a single, inadvertent opening of properly marked legal mail outside an inmate's presence and a pattern or practice of such actions. The former may not infringe a prisoner's right to free speech, nor his right to court access absent a showing of actual injury. The latter, however, both infringes those rights and fails Turner.

Id. at 1458.

Without conceding to Plaintiff's contention that his inmate correspondence with Victor constituted "legal mail" for purposes of his claims, Defendants assert that Plaintiff is unable to

6

state a claim for relief based on the allegations contained in his amended complaint because Plaintiff has alleged only a few isolated occurrences where his mail from Victor was opened outside of his presence inadvertently. Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation. *See* Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (accidental opening of one piece of constitutionally protected legal mail did not give rise to a constitutional claim); Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990) (isolated inadvertent incidents of opening inmate's legal mail do not state a constitutional claim); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983); Beese v. Liebe, 51 F. App'x 979, 981 (7th Cir. 2002) (dismissal of First Amendment claim that four pieces of mail opened outside of inmate's presence did not rise to the level of a constitutional violation upheld where inmate presented no evidence that his mail was not intentionally opened).

Based on the facts alleged, however, the Court finds that Plaintiff has sufficiently stated a plausible claim for a violation of his First Amendment rights under the standards set forth above. Here, Plaintiff alleges that his mail from Victor, which was marked as "legal," was intentionally opened outside of his presence on at least three, or perhaps four, separate occasions[1] despite his

---

[1] It is unclear as to the exact dates and the exact number of times Plaintiff claims his mail from Victor was opened outside his presence. In his original complaint, Plaintiff states that his mail was opened on August 20, 2010, October 5, 2010, and November 17, 2010. However, in his amended complaint, Plaintiff states that his mail was opened outside his presence on August 20, 2010, November 12, 2010, and July 28, 2011.

repeated complaints and reassurances from prison officials that it would not happen again. Indeed, Plaintiff complains that Defendants' conduct was neither "isolated" nor "inadvertent." Consequently, Plaintiff's claim of violation of the First Amendment in relation to the opening of his mail from Victor outside of his presence must not be dismissed.[2]

### 3. Personal Involvement of Defendant Coleman

Defendants contend that Defendant Coleman should be dismissed from this action because Plaintiff has failed to assert requisite allegations of Coleman's personal involvement necessary to establish a claim under § 1983. Plaintiff's claims against Defendant Coleman in his amended complaint are bare as he simply states that Defendant Coleman "ignored a court order and prison regulation." (ECF No. 20 at 2.) However, in his responses in opposition to Defendants' motion to dismiss, Plaintiff accuses Defendant Coleman of failing to intervene or take corrective action after he personally approved Victor's correspondence with Plaintiff and was made aware that mailroom staff were opening Plaintiff's mail from Victor outside of his presence. Plaintiff alleges that Defendant Coleman personally responded on appeal to five grievances he submitted regarding the opening of his mail from Victor.

To establish individual liability under section 1983, "[a] defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also* Rizzo v. Goode, 423 U.S. 362 (1976). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08. In cases involving a supervisory defendant, the Third Circuit has stated that "a supervisor may be

---

[2] In making this recommendation, however, the Court notes that Defendants have not conceded and the undersigned has not concluded that Victor's correspondence with Plaintiff qualifies as "legal mail" subject to increased protections.

personally liable . . . if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.'" Santiago v. Warminster Twp., 629 F.3d 121, 129 & n.5 (3d Cir. 2010) (citing A.M. ex rel. J.M.K. v. Luzerne Cnty., 372 F.3d 572, 586 (3d Cir. 2004)).

In cases where a supervising official knowingly permits a continuing custom or policy that results in harm to a plaintiff, section 1983 liability may attached. *See* Colburn v. Upper Darby Twp., 838 F.2d 663, 673 (3d Cir. 1988) (*overruled in part on other grounds by* Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). However, at a minimum, such liability attaches "'only where there are both (1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents, and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate.'" Colburn, 838 F.2d at 673 (quoting Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986)). Importantly, the denial of a grievance or mere concurrence in administrative appeal process is insufficient to establish personal involvement. *See* Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying alleged unconstitutional conduct); Croom v. Wagner, No. 06-1431, 2006 U.S. Dist. LEXIS 64915, at *13 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corr., 2006 U.S. Dist. LEXIS 51582, at *6-7 (M.D. Pa. July 27, 2006) (holding that the

review and denial of the grievances and subsequent administrative appeal does not establish personal involvement); Pressley v. Blaine, No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D. Pa. May 17, 2006) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern.") (citing Garfield v. Davis, 566 F. Supp. 1-69, 1074 (E.D. Pa. 1983)).

Here, it appears that Plaintiff's allegations invoke a theory of liability under which a supervisor may be held liable. Specifically, Plaintiff alleges that Defendant Coleman personally approved Victor's legal correspondence with Plaintiff, was aware that his legal mail from Victor was being opened outside of his presence, and permitted this practice to continue by failing to take corrective action. Based on these allegations, the Court finds that Plaintiff has sufficiently stated a claim under a theory of supervisory liability against Defendant Coleman. Assuming Plaintiff can establish that his correspondence with Victor was properly considered "legal mail" and that Defendants engaged in a pattern or practice of opening his legal mail from Victor outside of his presence, then he may also be able to demonstrate supervisory liability on the part of Defendant Coleman in that Coleman had knowledge of the violations and acquiesced in his subordinates' conduct by failing to take appropriate action. *See* Diaz v. Palakovich, No. 09-2288, 2011 U.S. App. LEXIS 20931, at *8-10 (3d Cir. Oct. 14, 2011). As such, Defendants' motion to dismiss should be denied as to their contention that Plaintiff has failed to establish the requisite personal involvement by Defendant Coleman.[3]

---

[3] In so recommending, Plaintiff should be aware that his burden of proving supervisory liability is high. As stated above, to impose liability on a supervisory official Plaintiff must demonstrate both contemporaneous knowledge and acquiescence. The Court notes that Plaintiff did not submit all of his grievances, their responses and appeals in support of his complaint or his amended complaint so it is possible that Defendant Coleman took sufficient, corrective action relating to the opening of Plaintiff's mail from Victor so as to avoid a finding of supervisory liability. Moreover, because Defendants have not challenged Plaintiff's claims on the basis that his

### 4. Due Process Claim

Defendants also seek dismissal of any due process claims contained in Plaintiff's amended complaint based on Defendant Linderman's alleged destruction of legal documents in the form of discovery material because Defendant Linderman refused to return the documents to Victor.[4] In response, Plaintiff states that he is not raising a due process claim. As such, it is recommended that Defendants' motion to dismiss be denied as moot to the extent it seeks dismissal of a due process claim as Plaintiff has indicated that he is not bringing such a claim.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendants Coleman and Linderman (ECF No. 21) be granted in part, denied in part, and denied as moot in part. It is recommended that Defendants' motion be granted as to Plaintiff's access to courts claim and that this claim be dismissed with prejudice because granting Plaintiff leave to amend would be futile. It is further recommended that the motion be denied as to Plaintiff's freedom of speech claim and denied as moot to the extent it seeks dismissal of any due process claim contained in Plaintiff's amended complaint since Plaintiff has indicated that he is not seeking to bring such a claim.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written

---

correspondence with Victor did not qualify as "legal mail" subjected to increased protections, the Court makes no determination at this time whether it in fact qualified as such.

[4] Although irrelevant to the Court's resolution of the instant motion, Plaintiff states Defendant Linderman "refused" to return the discovery material to Victor yet also states that Defendant Linderman returned the documents on August 3, 2011, but that Victor never received them. Plaintiff claims that because Victor did not receive the documents, they were "destroyed."

objections thereto.  Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response.  A party's failure to file timely objections will constitute a waiver of that party's appellate rights.


Dated:  March 21, 2012                              s/Lisa Pupo Lenihan
                                                              Lisa Pupo Lenihan
                                                              Chief United States Magistrate Judge



cc:   Kareem Armstrong
      FC1437
      P.O. Box 9999
      Labelle, PA  16450

      Counsel of record.