IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREEM ARMSTRONG, | Civil Action No. 11 – 1074 |
| Plaintiff, | |
| | District Judge Mark R. Hornak |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| BRIAN COLEMAN and DARLENE LINDERMAN, | |
| Defendants. | |

## MEMORANDUM ORDER

This suit commenced with this Court's receipt of Plaintiff's civil rights complaint (ECF No. 1) on August 19, 2011. Because Plaintiff failed to pay the filing fee or submit a motion to proceed *in forma pauperis*, the case was closed. (ECF No. 2.) Plaintiff then filed a motion to proceed *in forma pauperis* and the case was reopened upon the Court granting the motion. (ECF No. 6.) Plaintiff's complaint was filed and this case was referred to Chief United States Magistrate Judge Lisa Pupo Lenihan for all pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court for Magistrate Judges.

Plaintiff filed an amended complaint (ECF No. 20) on December 14, 2011, and Defendants subsequently filed a motion to dismiss the amended complaint (ECF No. 21). On March 21, 2012, the Magistrate Judge entered a Report and Recommendation (ECF No. 25) recommending that Defendants' motion be granted in part, denied part, and denied as moot in part. Specifically, she recommended that Defendants' motion be granted as to Plaintiff's access to courts claim, denied as to Plaintiff's freedom of speech claim and denied as moot to the extent it sought dismissal of any due process claim because Plaintiff indicated that he was not seeking to bring such a claim. Plaintiff was served with the Report and Recommendation at his listed

1

address and advised that he had until April 9, 2012 to file written objections. Plaintiff filed objections to the Report and Recommendation on April 6, 2012.[1] (ECF No. 26.) His objections are addressed *infra*.

First, Plaintiff objects to the Magistrate Judge's recommendation that his access to courts claim be dismissed with prejudice because he failed to allege an actual injury to his ability to litigate a claim as required by Lewis v. Casey, 518 U.S. 343 (1996). Although Plaintiff alleged that his "legal" mail from inmate Victor was opened outside of his presence on multiple occasions and that on one occasion Defendant Linderman failed to return certain discovery material to Victor, Plaintiff did not identify an actual injury, e.g. an actual (as opposed to hypothetical) nonfrivolous or meritorious claim of his was lost as a result of Defendants' conduct. *See* id. at 351-53; *see also* Christopher v. Harbury, 536 U.S. 403, 415 (2003); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Plaintiff now appears to claim that he could not pursue a temporary restraining order or injunction against Defendants as a result of their interfering with his legal mail. However, there is nothing about Defendants' alleged misconduct that would have prevented him from filing for such an injunction or temporary restraining order. Moreover, to the extent Plaintiff claims that Defendants' conduct somehow hindered Victor's efforts to pursue his claims or an injunction/temporary restraining order in his case pending in the Middle District of Pennsylvania, he lacks standing to assert such a claim because the actual injury is not specific to him. *See* Lewis, 518 U.S. at 352 (An inmate lacks standing to pursue an access to the courts claim unless he shows that the alleged interference of prison officials "hindered *his* efforts to pursue a legal claim.") (emphasis added). As such, Plaintiff's objection

---

[1] This is the filing date under the "mailbox rule." Pennsylvania and federal courts employ the prisoner mailbox rule. *See* Perry v. Diguglielmo, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing. *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

2

to the Magistrate Judge's recommendation regarding his access to courts claim is overruled and this claim will be dismissed with prejudice.

Plaintiff also objects to the recommendation of the Magistrate Judge that his due process claim be dismissed. However, the Magistrate Judge did not recommend that such claim be dismissed. Rather, she recommended that Defendants' motion be denied as moot with respect to this claim because Plaintiff clearly and unequivocally stated in his response to their motion to dismiss that he was not seeking to bring a due process claim. (ECF No. 24 at 1) It appears as if Plaintiff has now changed his mind. Plaintiff does not have the luxury of doing a complete about face in light of his statement, without reservation, that he was asserting no such claim, and Plaintiff is admonished that such behavior will not be tolerated. Plaintiff directly stated that he was not pursuing such claim and may not raise new claims in his objections, as he is now seeking to do. Nevertheless, in the interest of judicial economy, the Court will address Plaintiff's due process claim.

Plaintiff alleges that his due process rights were violated when Defendant Linderman and Bittner[2] "destroyed" his property in the form of discovery material. Plaintiff's due process claim necessarily fails "if a meaningful post-deprivation remedy is available for the loss." Hudson v. Palmer, 468 U.S. 517, 533 (1984). In this respect, our Court of Appeals has held that the Pennsylvania Department of Corrections' grievance procedure "provides an adequate post-deprivation remedy" in satisfaction of the Due Process Clause for prisoners making claims for damage to or loss of personal property. Durham v. Dep't of Corr., 173 F. App'x 154, 157 (3d Cir. 2006); see McEachin v. Beard, 319 F. Supp. 2d 510, 514-15 (E.D. Pa. 2004) (citing Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000)). Therefore, Plaintiff's allegation that Defendants destroyed items of his personal property is insufficient to state a claim

---

[2] Plaintiff is reminded that Lieutenant C.J. Bittner is no longer a Defendant in this case as Plaintiff named only Coleman and Linderman as Defendants in his amended complaint.

3

on which relief may be granted because an adequate post-deprivation process was available to Plaintiff through the prison grievance procedure. Therefore, this claim will now be dismissed with prejudice.

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered.

**AND NOW**, this 26th day of April, 2012,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No 21) is granted in part and denied in part. The motion is granted with respect to Plaintiff's access to courts and due process claims and those claims are hereby dismissed with prejudice. The motion is denied with respect to Plaintiff's freedom of speech claim.

**IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate Judge Lenihan dated March 21, 2012 (ECF No. 25), as it is modified and supplemented by this Memorandum Order, is adopted as the opinion of this Court.

**IT IS FURTHER ORDERED** that this case is remanded back to the Magistrate Judge for all further pre-trial proceedings.

Mark R. Hornak
United States District Judge

cc: Kareem Armstrong
FC1437
P.O. Box 9999
Labelle, PA 16450

Counsel of record.